IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sheryl Sipes,                                    :
                        Petitioner                :
                                                 :
            v.                                    :    No.  786 C.D. 2021
                                                 :    Submitted:  June 3, 2022
UPMC Jefferson Regional Home          :
Health, LP (Workers' Compensation      :
Appeal Board),                                 :
                        Respondent             :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                                    FILED:  July 28, 2022


        Sheryl Sipes (Claimant) petitions for review from the July 1, 2021 order of
the Workers' Compensation Appeal Board (Board) which affirmed the December
24, 2020 decision and order of the Workers' Compensation Judge (WCJ) granting
the modification petition filed by UPMC Jefferson Regional Home Health, LP
(Employer) and changing Claimant's disability status from total to partial based
upon a November 22, 2019 Impairment Rating Evaluation (IRE).  Upon review, we
affirm.

## I.    Background

        Claimant does not dispute the facts underlying this appeal.  Claimant fell and
suffered an injury in the course of her employment with Employer on January 27,

2010. Certified Record (C.R.), Item No. 7, WCJ Decision, at 3. Employer accepted the work injury through a Notice of Temporary Compensation Payable, which converted to a Notice of Compensation Payable. *Id.* On November 22, 2019, Claimant underwent an IRE, which returned a 14% impairment rating based on the Sixth Edition of the American Medical Association Guides to the Evaluation of Permanent Impairment. *Id*. at 3-4. Employer filed a Modification Petition on January 14, 2020, requesting Claimant's disability status be changed from temporary total disability (TTD) to temporary partial disability (TPD) as of the date of the IRE. *Id*. at 3.

The WCJ held hearings on the Modification Petition, wherein Claimant raised and preserved constitutional challenges to Section 306(a.3) of the Workers' Compensation Act (Act),[1] 77 P.S. § 511.3.[2] Claimant did not, however, present any medical evidence to rebut Employer's IRE. C.R., Item No. 7, WCJ Decision, at 6. Lacking jurisdiction to rule on constitutional challenges to the Act, the WCJ granted Employer's petition and modified Claimant's status to TPD as of November 22, 2019. *Id*. at 6-7. The Board, also lacking jurisdiction to rule on constitutional challenges to the Act, affirmed the WCJ's Decision. C.R., Item No. 10, Board Opinion, at 3-5.

Claimant timely appealed, and solely raised the following, previously preserved constitutional challenges to the Act: (1) whether Section 306(a.3) of the Act violates Article I, Section 1 or Article I, Section 11 of the Pennsylvania

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

[2] Act of October 24, 2018, P.L. 714, No. 111 (Act 111), 77 P.S. § 511.3.

2

Constitution[3] since it "retroactively changes the remedies for an injured worker under the [Act]," and (2) whether Section 306(a.3) of the Act violates Article III, Section 18 of the Pennsylvania Constitution[4] since it does not "provide for reasonable compensation as it measures impairment and not the inability to perform work, hence it does not measure disability." Appellant's Br. at 4.

## II.    Analysis

In a workers' compensation appeal, we are "limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *Elberson v. Workers' Comp. Appeal Bd. (Elwyn, Inc.)*, 936 A.2d 1195, 1198 n.2 (Pa. Cmwlth. 2007). Because Claimant has only raised constitutional challenges, we need only consider those challenges.

Recently, in the published decision of *DiPaolo v. UPMC Magee Women's Hospital (Workers' Compensation Appeal Board)*, __ A.3d __ (Pa. Cmwlth., No. 878 C.D. 2021, filed June 13, 2022), a panel of this Court rejected constitutional challenges to Section 306(a.3) of the Act that were identical to those presented by

---

[3] "All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness." Pa. Const. art. I, § 1. "All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct." Pa. Const. art. I, § 11.

[4] "The General Assembly may enact laws requiring the payment by employers, or employers and employes jointly, of reasonable compensation for injuries to employes arising in the course of their employment, and for occupational diseases of employes, whether or not such injuries or diseases result in death, and regardless of fault of employer or employe, and fixing the basis of ascertainment of such compensation and the maximum and minimum limits thereof, and providing special or general remedies for the collection thereof[.]" Pa. Const. art. III, § 18.

3

Claimant herein. For the same reasons outlined in *DiPaolo*, which we need not repeat here, we reject Claimant's constitutional challenges to Section 306(a.3) of the Act.

### III. Conclusion

Claimant's arguments that Act 111 of 2018, Section 306(a)(3) of the Pennsylvania Workers' Compensation Act, 77 P.S. § 511.3, is unconstitutional under Article I, Section 1, Article I, Section 11, and Article III, Section 18 of the Pennsylvania Constitution have been previously raised before, and rejected by, this Court. Accordingly, we follow our prior, precedential decisions and reject Claimant's constitutional challenges. The Board's order is therefore affirmed.

_____
STACY WALLACE, Judge

4

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sheryl Sipes,           :
                Petitioner    :
          :
        v.           :   No. 786 C.D. 2021
          :
UPMC Jefferson Regional Home    :
Health, LP (Workers' Compensation   :
Appeal Board),           :
                Respondent   :

# **O R D E R**

**AND NOW**, this 28th day of July, 2022, the order of the Workers' Compensation Appeal Board dated July 1, 2021, is **AFFIRMED**.

_____
STACY WALLACE, Judge